The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., *et al.*,

    Plaintiffs,

v.

PRIME BUYERS CLUB LLC, *et al.*,

    Defendants.

NO. 25-cv-2233-RSL

**ORDER DENYING DEFENDANT MANDELL'S MOTION TO DISMISS**

Before the Court is *pro se* defendant Chaya Fradel Mandell's handwritten request that she be "removed" from this action. Dkt. 15. Plaintiffs oppose the request. Dkt. 25. Defendant's submission does not identify the procedural rule under which she seeks relief; instead, she states that she has never owned or been involved in a business and asks that her name be removed from the lawsuit. Dkt. 15. Given defendant's *pro se* status, the Court liberally construes the filing as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the motion, plaintiffs' response thereto, the record of the case,

ORDER DENYING DEFENDANT MANDELL'S MOTION TO DISMISS

- 1

and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

A complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a Rule 12(b)(6) motion, the Court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint; it is not a vehicle for resolving disputed issues of fact. *See City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020).

Here, the complaint alleges that defendant owns and operates Photo, Electronics and More Inc., which allegedly sold counterfeit CeraVe-branded products through an Amazon selling account. Dkt. 1 ¶¶ 13-14. The complaint further alleges that defendant personally participated in, supervised, directed, or controlled the challenged activities, derived a direct financial benefit from them, and acted in concert with other defendants. *Id*. ¶¶ 14, 45. Based on those allegations, plaintiffs assert claims against defendant for trademark counterfeiting and infringement, false designation of origin, violation of the Washington Consumer Protection Act, and breach of contract. *Id*. ¶¶ 50–79.

Defendant does not identify any deficiency in those allegations or explain why they fail to state a legally cognizable claim. Instead, she disputes their truth by asserting that she

ORDER DENYING DEFENDANT MANDELL'S MOTION TO DISMISS

- 2

has never owned or participated in a business. The Court cannot resolve that factual dispute on a Rule 12(b)(6) motion. At this stage, the Court must accept plaintiffs' well-pleaded allegations as true. *Manzarek*, 519 F.3d at 1031. Defendant may deny those allegations and assert her defenses in an answer, and she may challenge the evidentiary support for plaintiffs' claims at a later stage of the proceedings through an appropriate motion.

The Court's denial of defendant's motion does not constitute a finding that plaintiffs' allegations are true or that defendant is liable for the alleged conduct. It means only that defendant's factual denial does not provide a basis for dismissal at the pleading stage.

For the foregoing reasons, defendant's motion to dismiss (Dkt. 15) is DENIED. Although Federal Rule 12(a)(4)(A) ordinarily requires a responsive pleading to be filed within fourteen days after notice of the Court's ruling, the Court sets a different deadline in light of defendant's *pro se* status. Defendant shall file an answer to the complaint within 30 days of the date of this Order.

Dated this 17th day of June 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT MANDELL'S MOTION TO DISMISS

- 3